Good morning, Your Honors. May it please the Court, Jim Johnston of Thrones Day, on behalf of the appellants, Eileen and Mark Weingarten. I'd like to reserve two minutes for rebuttal. Your Honors, this case presents a pure question of law that's reviewed on a de nobis basis. And the question is straightforward. Did the Bankruptcy Court improperly deny my client's motion to intervene in a lawsuit that, if the plaintiffs were to succeed, would permanently destroy their vested rights and property worth millions of dollars? The answer to that question is yes, the Bankruptcy Court did err and should be reversed. And I think it's helpful to frame the issue in a way that I think gets to the heart of the matter. The lawsuit here is an action to recover property transferred at a time when the transferor, my client's mother, Pam, allegedly was insolvent. The plaintiff trustee argues that the transfer was a fraudulent conveyance under bankruptcy law. Now, if Pam had simply transferred the property to my clients, they would be defendants in the lawsuit. There would be no controversy. We wouldn't be here. What Pam did instead was transfer the property to a trust, a trust in which my clients have irrevocable invested rights. My understanding is that if Mrs. Weingarten, the mother, were to die before a certain date, then the property would pass through a trust and will situation that is revocable. That's correct. The way that it's set up is that if Pam Weingarten, the mother, lives past the date in 2027, when she will be 84 years old, then the property goes through a residuary trust, which is irrevocable, and my clients have, as the district court found correctly, vested irrevocable rights. If Pam Weingarten were to pass away before that date in 2027, then it goes through a will which is revocable, which currently provides that my clients get the property after their father passes away, but which can be changed. And our point below and now is that even though my clients have what California law calls a defeasible interest, meaning that it's vested now, subject to being defeased if a condition occurs in the future, that's a protected interest under California law. That's a protected property interest that they have the right to step up and defend in this lawsuit under the Rule 24a standards. And Rule 24a, I know you are all familiar with it, but it provides that the court must permit anyone to intervene who claims an interest relating to the property or transaction that's the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede their ability to protect the interest. Do you also have to show that there is nobody else who can adequately represent their interests? We do. And why aren't the parents able to do that? Two reasons. First, we start with what the Supreme Court said in Tribovich and this Court held in Stringfellow in the City of Los Angeles. It's a minimal burden. It's satisfied if the intervener can show that representation of its interest may be inadequate. Here, the Bankruptcy Court clearly erred, we would submit. Its only analysis was stating that we don't need more people in the case and therefore I'm not going to let them in. That's not the test. But how is there any difference really in the interests of the parents and the children in this particular fact pattern? Either the transfer is fraudulent or it isn't. And they both have exactly the same interest, it seems to me, in showing that it's not a fraudulent transfer. Well, a couple of reasons. First, and the question is can the existing parties to the litigation adequately represent those interests, not whether the interests are the same? Pam, the mother, can't represent their interests. She's mired in a bankruptcy case. She didn't have counsel for a long period of that case. And her interests in the trust property are actually different than the interests of my client, who have vested property rights, as I mentioned earlier. Pam's interests might actually conflict with my client's at some point in time. Where would that conflict be? It's quite conceivable that at some point in time, given all of the litigation she's facing from the trustee in the bankruptcy case, that she may decide to relinquish her rights to the property. She may decide to not contest the claims asserted against her, to essentially agree to rescind the transfers. She doesn't have that right under California law. She does not have the right to take away my client's irrevocable interests in the trust property. But if my clients aren't there able to protect themselves, that's what would happen, and they would be left without a remedy. It's true that my client's father isn't bankrupt, does have the resources and is participating in the litigation, but his interests are actually very different from the children's interests as well. Most importantly, his interests relate primarily to his own trust, which is also subject to attack in the case. That trust contains a different property than the trust at issue in Pamela's case, the QPR department. Is the father represented? Excuse me? Is the father represented? The father is represented. Who's representing him? I believe that my law firm is representing him. But the problem is. That's a pretty telling point, isn't it? Excuse me? That's a pretty telling point, isn't it? Well, it's a telling point if the father could make all the same arguments that the mother could or that the children could. If they're really in conflict, how could you possibly represent both of them? It's not a conflict. It's more of a matter of standing. A primary issue in the case against the mother, Pam, is whether or not she was insolvent at the time of the transfer into the trust. It's a constructive fraudulent transfer case under bankruptcy law. The case against the father, Robert, is not a constructive fraudulent transfer case. Solvency is not an issue. As a result, Robert and we, the law firm, may have no ability whatsoever to litigate what's going to be the key issue in the case against the mother, which is solvency. Here again, without intervention, my clients may be left without a way to actually litigate what's going to be the most important issue. I guess this is just echoing. It's a stumbling block for me, too, so I'm echoing what Judge Fevelosti did. Suppose the case comes out against Pam and they deem it a fraudulent transfer. What additional rights, if any, would the children have that are being represented? At that point, the children will have lost their rights. Right, but what rights would they have if the transfer was deemed fraudulent? If the transfer is deemed a fraudulent transfer, they essentially are left with an interest in a trust that then has nothing in it. Right, but isn't that the same? I mean, if in fact that was a fraudulent transfer, then they don't have any rights to it, depending on the outcome of the entire bankruptcy proceeding. That's correct. And the reason why they are fighting so hard to be involved in this case is to prevent that from happening, to prevent their interest in essentially their receipt of property. If you were to go back to the hypothetical that I posed at the start, if the property had just been transferred to them, you could look at it the same way, and you could say, well, if it was a fraudulent transfer, then they have no rights in the property that was transferred to them. Same thing here. They're trying to protect their right to maintain that property by saying it's not a fraudulent transfer. Isn't that exactly what Pam is saying, too, because she wants to maintain her right in that property? Absolutely. Absolutely. At this point, yes, Pam is saying that. There are hypothetical conflicts like that. So your argument is based on a potential for divergent interests. On the inadequate representation point, potential for divergent interests and essentially inability to defend, lack of financial resources, didn't have counsel for years in the litigation and the like. You mentioned you wanted to reserve two minutes. I see you're down to change. Thank you very much. Thank you. Mr. Johnson. Good morning, Your Honors, and may it please the Court. Good morning, Mr. Johnson. I wanted to address one issue. Could we get your name for the record? We're making a tape recording of the argument. I'm sorry. I apologize, Your Honors. George Solman, Danny Gil Diamond, and Kovitz, LLP, on behalf of the plaintiff and Trustee David Gill. Good morning. One issue that has not been addressed is our motion to supplement the record with the fact that Mrs. Weingarten is now represented. This was a principal issue raised in the briefing. We think it's appropriate for this Court to consider the fact that she is now represented. This is no different than what this Court did in the City of Los Angeles case involving the consent decree, where its opinion reflects that it took notice of the fact that the decree had, in fact, been entered when it granted intervention rights to people and sent back the permissive intervention question with regard to the community, but was going to allow those people to participate in the case. Also in my preparation, I went through the cases again. I can find no case on intervention in the federal appellate courts where the proposed intervener had the same lawyer as one of the existing parties. That goes to the fourth prong, the adequate representation prong. I can also find no case in the federal courts in intervention where a family that by definition here is one big happy family, that's the story they tell because it's critical to their evidence, and Mrs. Weingarten swore that she had no interest in ever taking away the inheritance from the children, and we accept that as true. No instance where members of family seek to intervene because they allege some other family member can't properly represent their rights. They cannot satisfy their burden under the fourth prong at all. And what they propose to argue instead is they propose to argue that if somebody makes a fraudulent conveyance to somebody, that the heirs of the recipient have an interest in coming in, whether or not their claim is defeasible or not. The heirs have an interest in coming into the case to protect their interest in inheritance. In fact, if you're smart enough to have a trust that's been done with spendthrift provisions and such, that you can keep the money. That's their argument. You can keep the money even though it was a fraudulent conveyance. They've offered no evidence or argument below or in their briefs about what other position they would offer that's different. We have differences in the Lockyer case in this circuit where a group of pro-life doctors sought to intervene because they thought a pro-choice attorney general would not adequately represent their interest. We have a series of conservation cases where conservation groups are concerned the government might not advance their views. We have the city of Los Angeles case where the Police Protective League and the community both think that the police commission is not on their side in resolving issues with the police. All sorts of cases where there are differences of opinion between the parties. And, in fact, in Tribovich, the Supreme Court case, there's not that much of a difference. There's a case that indeed does suggest that the burden is very low to intervene. But in Tribovich, what they point out is that Tribovich had no Federal court right to vindicate. The exclusive remedy is to go to the Labor Department, ask the Labor Department to upset the election. But the Tribovich did have some other points that he wanted to urge that the Labor Department was not urging. And the Supreme Court said he should be permitted to do that. Well, you agree that children currently have a right that is protected under California law. They have a distant right that may be protected, and that is if their mother survives to 2027. It's clear that under California law that they have no right to intervene or have any part in a case just because they are the heirs or they're mentioned in a will which is revocable. Right. But they have the one avenue of irrevocable. They have this one avenue of irrevocable. But the party who has the property, Mrs. Weingarten's Qualified Personal Residence Trust, is a party to the case. That party is defending the case, is defending the rights of the trust. That party now has counsel. So what I heard opposing counsel articulate was that the mother, Pam, might have some incentive at some point to relinquish the property or somehow stop fighting for it and stop defending the claim of fraudulent conveyance, in which case they lose the property because she didn't fight to the end the way she should have. Well, one can certainly imagine that the parties could settle and Mrs. Weingarten could agree to pay something or to agree to sell the house and share the proceeds with the trustee. That's certainly a hypothetical that might occur. I suppose in such instance we would insist that the children sign off on the settlement just to make sure that they're not going to raise an issue. But if they're unhappy with the fact that she wants to settle and sell the house and pay some of the proceeds to the trustee, the remedy, as we pointed out in the brief, is to go to the probate court and seek to remove her as trustee and appoint a new trustee. The party that holds the rights is already in the case. Their rights are derivative of her rights. They don't have in this context really an independent right to control how she litigates the litigation against the Cupert. Is that what you're saying? The trustee of the Cupert, who is Mrs. Weingarten currently, is the one who decides how the Cupert will pursue its rights. And so if the children don't like the way she's doing that, instead of intervening in the bankruptcy case or in this case, they go to the probate court and say the trustee is not acting in the best interest of the trust or the beneficiaries. That's correct. That's the procedure. And so you're in running the notion that the trustee is the spokesperson for the trust if you allow them to intervene on that basis. That's correct, because as Judge Mund observed, the children can't win if Mrs. Weingarten loses. There's no possible scenario in which they can win if their mother loses the case. If she rolls over, to use counsel's hypothetical, if she rolls over on the fraudulent transfer issue, what you're saying is the children are not without a remedy. They can seek to have her removed as trustee and claim she's not acting in the best interest of the trust. One would presume they could do that, but I would suggest that children who then get crossways with their parents like that are liable to find themselves written out of the revocable will as to what's going to happen as to the other assets. Remember, the story below is that it's one big happy family. The parents intend to leave the property to the surviving spouse and then to the children, a perfectly normal estate plan that many of us have and many of us are familiar with. The children have no separate interest now. And the idea that Mrs. Weingarten can settle around the children, they'll be unhappy, is really not a different outcome than Mrs. Weingarten simply losing and the house being sold and the proceeds paid to the trustee, to my client, the bankruptcy trustee. Is there something unique about this particular property that if it is sold, one would argue you're losing more than just some money or something? I'm sorry, Your Honor. Is there something unique about this particular property? Well, it is a very unique house. We've alleged in the complaint that it's worth between $18 to $20 million and it sits on many acres of land overlooking the Pacific. I can understand lots of people would like to live in such a house and it's quite an extraordinary house. I've actually been there. Could I ask you just a practical question? I kind of have a feeling I may be missing something that's right in front of my face and I'm not seeing. Since they're represented by the same lawyer anyway, I'm not clear why intervention is such a big deal, whether they're in or out. It seems like the only difference would be their names are added to the caption. What difference would it make? Well, we're concerned because they've never articulated a reason why the children need to be there, and we're concerned of the mischief that that may create. All of the defendants in the case insist they have a right to a jury trial. Now, there's a range of possibilities there. We think that Mrs. Weingarten surely does not have such a right because she voluntarily filed for bankruptcy and we think that she's given up that right. And that rends to the other extreme where Mr. Weingarten, not a debtor in a bankruptcy proceeding, has participated somewhat but not a lot in the bankruptcy. He insists he has a right to a jury trial. One would have thought that was so before the Supreme Court ruled and Stern v. Marshall. Certainly that has added to Mr. Weingarten's ammunition on that claim. And we don't need the children in front of the jury making their argument that, oh, no, don't take away our inheritance from us, when there is no such argument that they can advance and their mother is adequately representing the interests of the trust as the trustee. Thank you. I have one other question. Judge Wardlaw. So if the heirs were allowed to intervene and there was a settlement, would you be able to effect a settlement without their signing off on this? Well, I think that we could do a settlement simply with the trustee of the trust because the trustee is permitted to do that under the terms of the trust arrangement. And we would argue that if the children are disaffected by that, their remedy is in the probate court. That's where they would have to go and complain that the trustee ought not be able to do that. The nature of a bankruptcy settlement is it's not done in secret. It's a very public proceeding. And after we reach agreement, we have to make a motion and get the bankruptcy court to agree. And so if there are people who have an interest in that outcome from the creditors to the children, they'll show up and they'll toss in their two cents. Whether or not the children have a right to speak at that or participate in that, I would suggest that they don't because down deep what their argument is, is that in every case where somebody is at risk of paying damages, they have heirs. And their argument is that their heirs ought to be able to show up in every single case, not just ours, but there is no case under their logic in which the heirs couldn't come in and make this argument. I thank you very much, Your Honor. Thank you, Mr. Shulman. Mr. Johnson, back to you, sir. Thank you. I've got four quick points. First, my clients are not merely heirs. They have theoretical rights protected under California law now, not at some point in time in the future, as Mr. Shulman said. We cited a number of California authorities in cases of pages 18 to 21 of our briefs, in particular the estate affair in Amco v. Wing, which hold that where you have a defeasible contingent right, something that may be defeased by a contingency in the future, you have a vested property right now. The idea that my clients could go running into probate court to protect those rights is really too little too late. First, it's not at all clear that they could go to probate now because there's an automatic stay in place in the bankruptcy court. And second, if they waited until the bankruptcy was over and a settlement was approved, it would be a case of too little too late. The property would be gone. Second, there's not a single case that says that an intervener has to assert some different issue or make some different argument to be entitled to intervene as a right under Rule 24a. I do not believe the plaintiff has cited anything to that effect, and we certainly found nothing. Third, the issue of it being the same lawyer representing the father. Judge Silverman, I think you hit the nail on the head. Why are they fighting so hard? I submit they're fighting so hard because we didn't hear Mr. Silverman say that the plaintiff wouldn't argue that Robert, the father, could litigate the solvency issue, for example. There may be issues that the father simply is incapable of defending the other side of the case against the other trust. And unless they're willing to say that the father can step up and defend every aspect of the case, including aspects that don't involve the case involving his property, then intervention should be allowed. Regarding the motion to supplement the record. Roberts, you're out of time, so if you would wrap up, I'd appreciate it. Sure. We submit an opposition on the motion to supplement the record. I think it speaks for itself. Thank you. Thank you. Thank you. Very, very interesting case. Mr. Silverman, thank you as well. Mr. Johnson, thank you. The case just argued is submitted. We'll stand and recess. Mr. Tobias, I see we have some young visitors. Maybe after we adjourn, they'd like to come back and look at the behind the scenes. Would you do that for them, please? Thank you. We'll stand and recess.
judges: Fogel, Silverman, Wardlaw